# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

|  |  |  |
|---|---|---|
| LEON J. SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  1:15-cv-1503 |
| | ) | |
| JEFFERY A. BIEBER and PATRICK | ) | |
| PATTERSON, | ) | |
| | ) | |
| Defendants. | | |

## <u>ORDER & OPINION</u>

This matter is before the Court on Plaintiff Leon J. Singleton's Motion for Default Judgment (Doc. 27). Plaintiff is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, the Court performed a merit review on Plaintiff's allegations, and found he had stated a claim under 42 U.S.C. § 1983 against Defendants Jeffrey A. Bieber and Patrick Patterson, police officers with the East Peoria Police Department, for violating his Fourth Amendment rights by illegally stopping and frisking him and illegally searching his car, respectively. (Doc. 13 at 19). All other claims and defendants were dismissed. (Doc. 13 at 19).

The matter was then stayed while a state criminal case was pending against Plaintiff. (Doc. 13 at 19). On May 31, 2018, Plaintiff submitted a status report showing the state criminal case had been resolved. (Doc. 17). Magistrate Judge Hawley lifted the stay in a hearing on June 25, 2018. (Doc. 18). Summons issued and then reissued following an initial error in service. (Docs. 19; 22). The summons were

returned executed on October 23, 2018, with respect to Defendant Patterson and November 1, 2018, with respect to Defendant Bieber. (Docs. 23, 25).

Also on November 1, Plaintiff filed a motion for default judgment. (Doc. 24). Because default had not entered, Magistrate Judge Hawley construed the motion as a motion for default and, although recognizing the motion was premature when filed, granted default when no responsive pleadings were timely filed. (Docket Entry on 11/26/2018). The Magistrate Judge instructed Plaintiff to file an appropriately supported motion for default judgment within fourteen days. (Docket Entry on 11/26/2018).

Plaintiff did not do so. However, the Court *sua sponte* granted Plaintiff an extension in view of his *pro se* status and the technical nature of default and default judgment, allowing him until January 30, 2019 to file "a motion for default judgment appropriately supported under Federal Rule of Civil Procedure 55." (Docket Entry on 1/16/2019). On January 24, 2019, Plaintiff filed the instant motion; Defendants did not respond.

Plaintiff's motion is not sufficiently supported for default judgment to issue on his written submissions. Although Plaintiff attached an affidavit, the affidavit requests the amount in the Complaint, $100,000, as well as any amount deemed appropriate for emotional harm, pain and suffering, loss of business income, loss of enjoyment of life, punitive damages, injunctive or declaratory relief, and attorney's fees. (Doc. 27 at 3). There is no indication what the only specific sum—$100,000— compensates Plaintiff for, nor an indication of the amounts for any of the listed

reasons. Moreover, the $100,000 figure appears in Plaintiff's original Complaint (Doc. 1) and First Amendment Complaint (Doc. 5) as the total amount for all of his claims, but as some of his claims have been dismissed, that figure is likely inaccurate for the remaining claims.[1]

It is necessary to set this matter for an evidentiary hearing pursuant to Federal Rule of Civil Procedure 55(b)(2). The hearing is set for February 25, 2019, at 1:30 p.m. If Plaintiff is not available at that time or believes he will not be able to gather all necessary evidence by that date, he should file a motion for an extension requesting the hearing be rescheduled. Plaintiff should bring with him to the evidentiary hearing any documents or witnesses he has to prove damages caused by Defendant Bieber's stop and frisk and Defendant Patterson's search of his car.

SO ORDERED.

Entered this 15th day of February 2019.

s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[1] The request for relief is absent from his Second Amended Complaint (Doc. 9) which survived merit review.